IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DONALD BISHOP, # 267423, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 2:18cv643-MHT |
| ) | (WO) |
| JOHN CROW, *et al.*, ) | |
| ) | |
| Respondents. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This case is before the court on a petition for writ of habeas corpus under 28 U.S.C. § 2254 filed by Donald Bishop ("Bishop"), an Alabama inmate incarcerated at Staton Correctional Facility in Elmore, Alabama. Doc. No. 1. Bishop challenges his guilty plea conviction for first-degree sodomy and his resulting 30-year sentence imposed by the Pickens County Circuit Court in August 2009.

**DISCUSSION**

Title 28 U.S.C. § 2241(d) allows Bishop to bring his § 2254 petition in either (a) the district court for the district where he is in custody (here, the Middle District of Alabama, where Staton Correctional Facility is located), or (b) the district court for the district within which the state court that convicted and sentenced him was held (the Northern District of Alabama, where Pickens County is located). Section 2241(d) provides that this court "in the exercise of its discretion and in furtherance of justice," may transfer a petitioner's § 2254 petition to "the district court for the district within which the State court was held which convicted and sentenced [the petitioner]." 28 U.S.C. § 2241(d).

Because the matters complained of by Bishop stem from a conviction and sentence imposed by the Pickens County Circuit Court, and since the records related to Bishop's conviction and sentence are in Pickens County, this court finds that the furtherance of justice and judicial economy will be best served by transferring this case to the United States District Court for Northern District of Alabama for review and disposition.

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be TRANSFERRED to the United States District Court for the Northern District of Alabama under 28 U.S.C. § 2241(d).

It is further ORDERED that the parties shall file any objections to this Recommendation on or before **July 30, 2018**.  A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1.  *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc), adopting as

binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

    Done this 11th day of July, 2018.

                        /s/ Terry F. Moorer
                        TERRY F. MOORER
                        UNITED STATES MAGISTRATE JUDGE